09-2727-ag
Shkurti v. Holder

BIA
A095 150 206

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of February, two thousand ten.

PRESENT:
      ROBERT A. KATZMANN,
      BARRINGTON D. PARKER,
      PETER W. HALL,
            *Circuit Judges.*

_____

ARDIAN SHKURTI,
      *Petitioner,*

      v.                  09-2727-ag
                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Charles Christophe, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ardian Shkurti, a native and citizen of Albania, seeks review of a June 15, 2009, order of the BIA denying his motion to reopen. *In re Ardian Shkurti*, No. A095 150 206 (B.I.A. June 15, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). We review for substantial evidence the BIA's evaluation of country conditions evidence submitted with a motion to reopen. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

A party may file only one motion to reopen removal proceedings, and must do so no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R.

§ 1003.2(c)(1),(2). Petitioner's motion to reopen was untimely.  However, the time and number limitations do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Petitioner argues that the BIA failed to properly consider evidence in the record.  We disagree.  The BIA properly considered the record as a whole, explaining that the evidence Petitioner submitted was "insufficient to warrant reopening" because "while some changes in conditions in Albania have been demonstrated, it is clear that some significant changes in Albania are not advantageous to [petitioner's] claim."

Petitioner points to news articles, reports, and an affidavit from Prenk Camaj, that refer to the February 2007 elections and the disappearance or death of political activists.  However, the BIA considered this evidence stating, "we emphasize that the Democratic Party, with which [petitioner] and his family have been affiliated, has become

3

the ruling majority." We have previously taken judicial notice of the fact that country conditions in Albania have improved rather than worsened for Democratic Party supporters since Albania's 2005 elections. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir. 2006). On this record, we cannot conclude that the BIA erred in evaluating Petitioner's evidence. *See Ke Zhen Zhao*, 265 F.3d at 93; *Jian Hui Shao*, 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4